**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

           Plaintiff,

-vs-                                                Case No. 8:04-cv-2792-T-24TBM

WALTER KORDA,

           Defendant.
_____/

## O R D E R

This cause comes before the Court for consideration of the Motion by the United States for Summary Judgment (Doc. No. 9). Defendant has failed to file a response thereto.

Defendant Walter Korda filed a Chapter 13 bankruptcy petition on March 10, 1999, in the Middle District of Florida. The Internal Revenue Service ("IRS") filed a proof of claim in the bankruptcy case for income tax liabilities for the years 1990, 1991, 1994, 1995, 1996, 1997, and 1998, totaling $33,536.02. During the course of the debtor's Chapter 13 plan, the Chapter 13 Trustee ("Trustee") periodically paid the IRS. On or about November 6, 2002, the Trustee mailed a check for $10,176.30 to the IRS, which represented the final payment to the IRS under the Defendant's Chapter 13 plan.

On December 23, 2002, the IRS erroneously mailed three separate refund checks to the Defendant, totaling $10,209.81. The erroneous refund arose in the following manner. The IRS closed its file on the Defendant's bankruptcy case and abated the remaining unpaid balances when the Bankruptcy Court issued its discharge order on November 6, 2002. The IRS had not yet received the final payment from the Trustee, who mailed the final payment to the IRS on approximately the

same date as the discharge. Before the IRS realized its mistake, the IRS mailed the refund checks to the Defendant because his account incorrectly showed no tax liability. The refund checks represented the $10,176.30 payment received from the Trustee, plus interest. The IRS sought to recover the amount of the refund but the Defendant has not returned it. The United States now seeks summary judgment on the Defendant's liability for the erroneous refund.

The United States may recover an erroneously made refund. I.R.C. § 7405(a). The United States has the burden to (1) prove that the refund was erroneous and (2) establish the amount of the refund. <u>Soltermann v. United States,</u> 272 F.2d 387, 387 (9th Cir. 1959). The Court finds that there are no genuine issues of material fact regarding whether the IRS erroneously made the refunds or what amount the IRS mistakenly refunded to the Defendant. Accordingly, the United States is entitled to judgment as a matter of law.

It is hereby **ORDERED AND ADJUDGED** that the Motion by the United States for Summary Judgment (Doc. No. 9) is **GRANTED**. The Clerk is directed to enter judgment in favor of the United States and against the Defendant Walter Korda in the amount of $10,209.81 with interest as provided in the Internal Revenue Code §§ 6602, 7405(c) from December 23, 2002.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of August, 2005.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge